UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA KONDRATOWICZ,

       Plaintiff,        CIVIL ACTION NO. 08-CV-12693-DT

  vs.

                          DISTRICT JUDGE SEAN F. COX

NORTHWEST AIRLINES,      MAGISTRATE JUDGE MONA K. MAJZOUB
INC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    The Motion to Affirm the Plan Administrator's Denial of Benefits filed by Defendants (docket no. 29) should be **GRANTED**.

The Cross-Motion for Summary Judgment filed by Plaintiff (docket no. 32) should be **DENIED**.

**II.    REPORT:**

This matter comes before the Court on the Defendants' Motion to Affirm the Plan Administrator's Denial of Benefits (docket no. 29), and the Cross-Motion for Judgment filed by Plaintiff (docket no. 32). The parties have filed responses and a reply to these motions. (Docket nos. 36, 37, 40). These motions have been referred to the undersigned for a Recommendation. (Docket no. 34). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

**A.     Facts and Claims**

Plaintiff challenges the decision of her former employer, Northwest Airlines (Northwest), denying her claim for disability benefits based on its determination that Plaintiff was not "disabled" as defined by the Northwest Airlines Pension Plan for Contract Employees. On September 15, 2005 Plaintiff filed an application for disability retirement with Northwest stating that the bases for her disability were mental disorder, depression, anxiety, stress, chronic neck and back pain, and bulging disc. (Joint Appendix (JA) at 200024). Northwest forwarded Plaintiff's request to America's IME, an independent company that assists Northwest with the processing of disability benefits. Plaintiff's medical records were then sent to an independent medical examiner, Dr. Thomas Gratzer, a practicing psychiatrist, for review. (*Id*. at 200034). On November 2, 2005 Dr. Gratzer issued a report outlining Plaintiff's medical history and concluded that Plaintiff was not totally or permanently disabled from all employment relative to her psychiatric condition. (*Id*. at 200041-42). Dr. Gratzer noted that Plaintiff responded well to medication since 2000 and that her symptoms were "much improved" as of September 15, 2003. (*Id*.). Dr. Gratzer concluded that Plaintiff was capable of performing work either in her current position at Northwest or any other job from July 24, 2003 onwards. (*Id*. at 200042). The parties agree that July 24 or 25, 2003 was Plaintiff's disability retirement date under the Plan and, therefore, the date on which the disability determination is made under the Plan. (Docket nos. 29 at 11; 32 at 12).

After reviewing Plaintiff's claim and the report of Dr. Gratzer, Northwest denied benefits on November 28, 2005. (JA at 200044). Plaintiff appealed this decision and requested an independent medical examination by two IME doctors, one for her psychological condition and one for her physical condition. (*Id*. at 200046-47). On January 24, 2006 America's IME submitted the

names and resumes of three IME physicians (one neurosurgeon and two orthopedic surgeons) to Plaintiff and Northwest for the purpose of selecting a physician to conduct Plaintiff's physical examination and to determine whether her physical ailments rendered her disabled under the Plan. (*Id*. at 200055-72).  Also, on February 14, 2006 America's IME submitted the names and resumes of two IME psychologists for the purpose of conducting a psychological examination and making a determination whether Plaintiff's mental conditions rendered her disabled under the Plan. (*Id*. at 200092-105).

The parties agreed that Dr. Podell would perform Plaintiff's psychological evaluation, and Dr. Salama would perform her physical examination. (*Id*. at 200110-11, 200117, 200120-21).  After two examinations of Plaintiff Dr. Podell concluded that on July 24, 2003 Plaintiff was totally but not permanently disabled from any employment with Northwest.  (*Id*. at 200136-37).  Dr. Podell noted that Plaintiff had just started a course of psychotherapy and that in the past she had improved with medication and therapy.  (*Id*. at 200136, 200131).  He thought that with appropriate treatment Plaintiff "will be able to return to gainful employment."  (*Id*. at 200136).

Dr. Salama issued his final report on Plaintiff's physical condition on September 7, 2006. (*Id*. at 200152-157).  He had examined Plaintiff and examined 167 pages of reports, x-rays, and CAT scans obtained from Plaintiff's treating physicians.  (*Id*.).  He found that Plaintiff suffered from degenerative arthritis of the left C6-C7 cervical area and degenerative disc disease at L4-L5.  (*Id*. at 200155).  However, Dr. Salama concluded that these problems did not prevent Plaintiff from returning to work in a position that did not require "excessive bending or twisting" or "lifting more than 30 pounds repetitively."  (*Id*. at 200156).  Although Dr. Salama did not specifically address Plaintiff's level of impairment as of July 24, 2003, he concluded that she was not totally and

permanently disabled from all employment as of June 15, 2006, the date of his examination. (*Id.* at 200156). He thought that Plaintiff could return to work as long as restrictions for bending and twisting and lifting no more than 30 pounds were imposed. (*Id.* at 200157).

On January 24, 2007 Northwest sent a final letter to Plaintiff's counsel noting that both IME doctors on appeal determined that Plaintiff was not disabled under the Plan, and that the Plan makes no further provision for appeals or reviews. (*Id.* at 200166-67). Plaintiff filed this action on June 23, 2008. (Docket no. 1). Plaintiff argues that the records of her treating physicians, which were examined by Dr. Gratzer, show that she was disabled as of July 2003. (Docket no. 32 at 10-11). Dr. Balogh was a treating physician from April 2002 until September 2003 who diagnosed Plaintiff with depression, anxiety, chronic neck pain, osteoarthritis, allergies, tension headaches, and tobacco abuse. (JA at 200235). Dr. Balogh prescribed several medications for Plaintiff. (*Id.*). Dr. Balogh reported on June 30, 2003 that she "had given [Plaintiff] a note for work suggesting that they limit her lifting till [sic] less than or equal to 25 pounds." (*Id.* at 200255). Plaintiff argues that this means she was unable to return to work because her position as customer service agent required her to lift 75 pounds. (Docket no. 32 at 12; 33 at 2).

In July 2003 Plaintiff was being seen by Dr. William Penn for neck and back pain. Dr. Penn reports on June 10, 2004 that in July 2003 Plaintiff "should not be returned to her previous employment wherein she was required to lift up to 70 pounds of freight and baggage" and that Plaintiff remained disabled as of June 10, 2004. (JA at 200285). Plaintiff complains that Dr. Gratzer failed to properly review these medical records from her treating physicians. (Docket no. 32 at 10-14). Plaintiff also argues that Dr. Podell was required to answer interrogatories which on their face were impossible to answer, had to make a subjective finding as to whether or not Plaintiff

would be disabled in the future, and was not a medical physician as required by the Plan. (*Id*. at 14-18). Plaintiff contends that Northwest Airlines had a conflict of interest in determining whether she was disabled which affects the standard of review this Court should employ. (*Id*. at 18-19). Plaintiff's Complaint raises causes of action under ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover full benefits (Count I) and for beach of fiduciary duty under the Plan by Defendants refusing to pay her benefits (29 U.S.C. § 1132(a)(3)) (Count II).[1] (Docket no. 1).

Defendants argue that this Court should affirm the Plan Administrator's denial of benefits for Plaintiff because there was no abuse of discretion in that decision and that Plaintiff's breach of fiduciary duty claim fails as a matter of law. (Docket no. 29).

**B.    Standard of Review**

The parties disagree on the proper standard of review of Defendants' denial of benefits for Plaintiff. Plaintiff argues for a de novo review while Defendants contend that review for an abuse of discretion is proper. Plaintiff concedes that the Plan provides that the "employer shall have the sole discretion, authority and responsibility to interpret and construe the plan" and "to determine" "the entitlement of employees, participants . . . to benefits and the amount of their benefits." (Docket no. 32 at 9 (quoting JA at 100043)). The Plan also states that the "employer has discretionary authority to grant or deny benefits under this plan. Benefits under this plan will be paid only if the employer decides in its discretion that the applicant is entitled to them." (*Id*.). However, Plaintiff contends that the Plan also provides that the employer as administrator of the

---

[1] Plaintiff dismissed Count III of her Complaint which alleged a breach of duty of fair representation by Defendants Air Transport District 143 and International Association of Machinists and Aerospace Workers, AFL-CIO, and these Defendants were dismissed from this action. (Docket no. 17).

Plan may delegate its responsibility for carrying out provisions of the Plan and that this was done when the parties agreed on appeal of the initial denial of benefits to have an independent "doctor of medicine" determine whether Plaintiff was disabled under the Plan. (Docket no. 32 at 9-10). Plaintiff then states without support that the standard of review for disability provisions of the Plan should be de novo. (*Id.* at 10).

Plaintiff does not dispute that other courts considering similar language of ERISA plans have determined that the abuse of discretion standard of review should be employed. *See, e.g., Metropolitan Life Ins. Co. v. Glenn*, __ U.S. __, 128 S. Ct. 2343, 2347-48 (2008) (affirming deferential standard of review when plan provided administrator with "discretionary authority to . . . determine benefits."); *University Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 845 (6th Cir. 2000) (arbitrary and capricious standard for plan providing that administrator "shall have the discretionary authority to determine eligibility for benefits or to construe the terms of the Plan"); *Barnes v. Hartford Life and Acc. Ins. Co.*, 2008 WL 4298466 (E.D. Mich. Sept. 18, 2008) (arbitrary and capricious standard for plan which delegated "sole discretionary authority" to administrator to determine eligibility for and entitlement to benefits).

The Northwest Plan contains language giving the administrator discretion to grant or deny benefits and under the above cases the arbitrary and capricious standard is the proper standard of review of the Plan's denial of benefits for Plaintiff. Plaintiff provides no support for her argument that the fact that the Plan provides for the parties to agree on an independent decision-maker on appeal of the administrator's initial decision to deny benefits affects this otherwise proper standard of review. The Court also has found no authority for this proposition. Therefore, this Court will apply the arbitrary and capricious standard of review. *See University Hospitals*, 202 F.3d at 845-46.

Under this standard, when it is possible to offer a reasoned explanation based on the evidence for a particular outcome, that outcome is not arbitrary and capricious. *Gismondi v. United Technologies Corp.*, 408 F.3d 295, 298 (6th Cir. 2005). The administrator's rational decision will be upheld in the face of an equally rational outcome argued by the plaintiff. (*Id.*).

  **C.**  **Analysis**

    **1.**  **Scope of Review**

Although the parties have moved for summary judgment it is clear that the normal rules for determining summary judgment under Fed. R. Civ. P. 56 are not applicable to cases challenging an ERISA denial of benefits. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998); *Barnes*, 2008 WL 4298466, slip copy at *6. This Court may only consider evidence that was first presented to the administrator. *Wilkins*, 150 F. 3d at 618. The only exception is when evidence not considered by the administrator is offered in support of a procedural challenge to the administrator's decision, such as an alleged due process violation, which is not at issue in the present action. (*Id.* at 619). Accordingly, this Court rejects Plaintiff's argument that evidence not presented to the administrator, such as Plaintiff's Social Security Disability determination dated April 16, 2007, should be considered as evidence of her disability under the Plan. (Docket no. 32 at 16). Plaintiff also presents no authority for her argument that the administrator should have deferred a final determination until after the Social Security Administration made a final determination. (*Id.*). This Court therefore also rejects that argument.

    **2.**  **Rational Basis for Decision to Deny Benefits**

Northwest as the Plan administrator has shown a rational basis for denying disability benefits to Plaintiff. The opinions of Dr. Gratzer, Dr. Podell, and Dr. Salama all support Defendants'

determination that Plaintiff was not disabled as the Plan defines that term at the relevant time. (JA at 200038-42 (Dr. Gratzer); *id.* at 200126-37 (Dr. Podell); *id.* at 200152-57 (Dr. Salama)).

Plaintiff points to the opinions and records of her treating physicians, Drs. Balogh and Penn, in support of her argument that she was disabled. However, courts routinely uphold an administrator's denial of benefits even if that determination differs from an opinion of a plaintiff's treating physician as long as the administrator's decision is rationally based on the evidence of record. *See, e.g., Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 293 (6th Cir. 2005) (no special deference need be given treating physician's opinion); *Huffaker v. Metropolitan Life Ins. Co*, 271 Fed. App'x 493, 502 (6th Cir. 2008) (no obligation for administrator to defer to decision of plaintiff's treating physicians).

Moreover, the opinions of Drs. Balogh and Penn do not compel the conclusion that Plaintiff was disabled under the Plan. The Plan requires that Plaintiff be totally and permanently disabled from any and all employment at Northwest. *See* Pension Plan § 1.2.9 (JA at 100010) (disability defined as "total and permanent disability which renders the Participant incapable of any employment with the Employer"). With respect to Dr. Balogh, Plaintiff argues that the doctor's limiting of her lifting over 25 pounds meant that she was unable to return to work because of the requirement of her lifting 75 pounds. (Docket no. 32 at 11-12). However, Plaintiff fails to show that this limitation prevents her from performing any employment at Northwest. Similarly, Plaintiff points to Dr. Penn's conclusion that she should not return to work that requires her to lift up to 70 pounds. (*Id.* at 12). Plaintiff fails to show that such a limitation prevents her from performing any employment at Northwest. Plaintiff also provides no support for the proposition that Dr. Gratzer

was required to make a physical examination of her in order to give an opinion on whether or not she was disabled.

Plaintiff's attempts to discredit the opinion of Dr. Podell are not persuasive. First, Plaintiff through counsel agreed to be examined by Dr. Podell, a neuropsychologist. (JA at 20089-110). She knew of his qualifications prior to agreeing to have him render his opinion. (*Id.*). Plaintiff will not now be heard to complain that Dr. Podell was not a "doctor of medicine" as required by the Plan. (*Id.* at 100011). Plaintiff next complains that the interrogatories posed to Dr. Podell improperly required him to "make a determination if the person was disabled on their last day of work based solely on the medical records." (Docket no. 32 at 15). Plaintiff provides no authority holding that this is an improper question or determination, and the Court finds no impropriety in Defendants asking this question of Dr. Podell but notes that Dr. Podell examined Plaintiff on April 25 and May 11, 2006 prior to making his determination. (JA at 200126).

Finally, Plaintiff argues that Northwest Airlines had a conflict of interest because it was the administrator of the Plan and would pay any benefits out of its own pocket. (Docket no. 32 at 18-19). Courts recognize that in such situations this factor is to be considered in determining whether a decision is arbitrary and capricious. *See Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. at 2348. However, this factor does not change the standard of review. (*Id.* at 2350). Plaintiff has also failed to show any other factor such as a history of bias by the administrator which, when combined with this conflict, might support a finding that the decision was arbitrary and capricious. (Docket no. 32 at 19). Plaintiff attempts to show some sort of impropriety in the Plan administrator and the contact person at America's IME being "in almost daily contact with one another discussing how to select the appropriate doctor" to review the file, etc. (*Id.* at 7). The Court has reviewed all of the

-9-

correspondence Plaintiff cites there[2] and finds that none of it shows any bias on the part of the administrator to deny benefits. This correspondence concerns the appeal process, and the record is clear that the doctors selected for that appeal were mutually acceptable to both parties.

Accordingly, the evidence of record shows that Defendants did not arbitrarily and capriciously deny benefits to Plaintiff.

### 3. Breach of Fiduciary Duty

When a plaintiff has a remedy under one provision of ERISA for the denial of benefits, she may not challenge the administrator's decision to deny benefits as a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). *See Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 454 (6th Cir. 2003) (affirming dismissal of breach of fiduciary duty claim when plaintiff could bring action to challenge denial of benefits under section 1132(a)(1)(B)); *Wilkins*, 150 F.3d at 615 (same). Plaintiff in this action challenges the denial of benefits under 29 U.S.C. § 1132(a)(1)(B). She may not challenge that same denial as a breach of fiduciary duty. This claim should be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

---

[2] Plaintiff apparently mis-cited the pages of the Joint Appendix by substituting a "1" when it should have been a "2," such as citing JA 100089 when it should be JA 200089. (Docket no. 32 at 7). However, the Court reviewed both possible sets of pages in the record.

all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 26, 2009                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 26, 2009                     s/ Lisa C. Bartlett
                                        Courtroom Deputy