UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA KONDRATOWICZ,   Case No. 08-12693

    Plaintiff,   HON. SEAN F. COX
v.   United States District Court

NORTHWEST AIRLINES, INC.
RETIREMENT BOARD FOR
UNION/REPRESENTED
EMPLOYEES (41-0449230-004),
and NORTHWEST AIRLINES,
INC., jointly and severally,

    Defendants.
_____/

OPINION & ORDER
ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

    This disability benefits appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Mona K. Majzoub on May 26, 2009.  In the R&R, Magistrate Judge Majzoub recommends that the Court affirm the Plan Administrator's denial of benefits and deny the Cross-Motion for Summary Judgment filed by the Plaintiff.  The Court finds that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion be decided without oral argument.  For the reasons that follow, the Court overrules the objections filed by the Plaintiff and shall adopt the R&R in its entirety.

BACKGROUND

    The Plaintiff, Patricia Kondratowicz ("Kondratowicz"), filed a complaint against

1

Northwest Airlines, Inc. ("Northwest") and Northwest Airlines Retirement Plan for Union/Represented Employees (41-0449230-004) (collectively, "the Defendants"), challenging the Northwest Airlines Disability Retirement Benefits Plan Administrator's ("Plan Administrator") denial of disability benefits under Section 502 of ERISA, 29 U.S.C. § 1132, and under federal common law.

On September 15, 2005, Kondratowicz filed an application for disability retirement benefits with Northwest, alleging that the bases for her disability were mental disorders, depression, anxiety, stress, chronic neck and back pain, and a bulging disc. Under the terms of Northwest's disability retirement plan ("the Plan"), a "disability" is defined as a "total and permanent disability which renders the Participant incapable of any employment with the Employer." [Doc. No. 29, p.9].

Northwest forwarded Kondratowicz' request to America's IME, an independent company that assists Northwest with the processing of disability benefits. Kondratowicz' medical records were then sent to an independent medical examiner, Dr. Thomas Gratzer, a psychiatrist, for review.

On November 2, 2005, Dr. Gratzer issued a report outlining Kondratowicz' medical history and concluded that Kondratowicz was not totally or permanently disabled due to her psychiatric condition. Specifically, Dr. Gratzer concluded that Kondratowicz was capable of performing work in either her current position at Northwest or any other job from July 24, 2003 - the date on which Kondratowicz' disability retirement began - onwards.

After reviewing Kondratowicz' claim and the report of Dr. Gratzer, Northwest denied benefits on November 28, 2005. Kondratowicz appealed this decision and requested an

independent medical examination by two IME doctors, one for her psychological condition and one for her physical condition. The parties agreed that Dr. Podell would perform Kondratwicz' psychological evaluation, and Dr. Salama would perform her physical examination. Both doctors concluded that Kondratowicz was not totally and permanently disabled under the terms of the Plan. [*See* R&R, Doc. No. 41, pp.3-4].

On January 24, 2007, Northwest sent a final letter to Kondratowicz' counsel noting that both IME doctors had determined that Kondratowicz was not disabled under the Plan. As a result, Kondratowicz filed this action on June 23, 2008 [Doc. No. 1]. Both of the parties' motions were referred to Magistrate Judge Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) & (C).

On May 26, 2009, Judge Majzoub issued her R&R which recommended that Kondratowicz' Cross-Motion for Summary Judgment be denied, and that Defendant's Motion to Affirm the Plan Administrator's denial of benefits be granted.[1]

Magistrate Judge Majzoub concluded first that, under the language of the Plan, the proper standard of review for the Court to engage in was whether the Plan administrator's denial of benefits was arbitrary or capricious. [R&R, Doc. No. 41, p.6]. Next, Magistrate Judge Majzoub held that evidence not in the administrative record, such as the findings of the Social Security Administration in this case, need not be considered by the Court as evidence of disability. *Id*. at 7. Magistrate Judge Majzoub also held that the Plan Administrator had a rational basis for denying Kondratowicz disability benefits and for finding that Kondratowicz was not disabled

---

[1] The underlying facts of this case are fully set forth in the Magistrate's R&R [Doc. No. 41] and will not be restated here.

3

under the terms of the Plan. Next, while Magistrate Judge Majzoub noted that any conflict of interest in having an employer act as Plan Administrator was a factor to consider in whether denial of benefits was arbitrary or capricious, that potential for a conflict of interest does not change the standard of review. Finally, Magistrate Judge Majzoub concluded that Kondratowicz could not bring a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) due the existence of other available remedies under ERISA. As such, Magistrate Judge Majzoub denied Kondratowicz' Cross-Motion for Summary Judgment and granted the Defendants' Motion to Affirm the Plan Administrator's denial of benefits.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Kondratowicz filed timely objections to the R&R on June 8, 2009 [Doc. No. 42]. The Defendants filed a response on June 22, 2009 [Doc. No. 43]. Both parties also filed supplemental briefing to address whether the Sixth Circuit's holding - decided during these proceedings - in *Kramer v. Paul Revere Life Ins. Co.*, 571 F.3d 499 (6th Cir. 2009), alters the "arbitrary and capricious" standard of review for evaluating a plan administrator's decision to deny benefits. [*See* Pl.'s Supp. Br., Doc. No. 44; Def.'s Supp. Br., Doc. No. 46].

## ANALYSIS

Kondratowicz raises three objections to Magistrate Judge Majzoub's R&R: 1) that the Plan Administrator's decision to deny Kondratowicz benefits should be reviewed under a *de*

*novo* standard, and not an arbitrary and capricious standard; 2) that Kondratowicz is disabled as defined by the Plan; and 3) that Kondratowicz should not be barred from bringing a claim for breach of fiduciary duty against the Plan Administrator under 29 U.S.C. § 1132(a)(3).

    I. The "Arbitrary and Capricious" Standard of Review

Kondratowicz first objects to Magistrate Judge Majzoub's determination that the proper standard of review is arbitrary and capricious [Pl.'s Br., Doc. No. 42, p.9]. Kondratowicz argues that the Plan relinquishes discretionary authority from the Plan Administrator to other third parties, and therefore the proper standard of review should be *de novo*. *Id.* at pp.9-10.

Kondratowicz further argues that, as Section 7.1 of the Plan includes the language ". . . except as otherwise reserved or delegated to others," the Plan is ambiguous and therefore a *de novo* review is also required. *Id.* at p.11. In furtherance of this argument, Kondratowicz relies primarily upon *Wulf v. Quantum Chem. Corp., et al*, 26 F.3d 1368, 1372-73 (6th Cir. 1994), which held that if a plan is ambiguous as to particular terms, then the proper standard of review is *de novo*.

The Court disagrees. Despite *Wulf*'s holding referenced *supra*, *Wulf* also held that if the plan gives the plan administrator discretionary authority to determine the meaning of the terms or to determine eligibility for benefits, then the arbitrary and capricious standard of review remains. *Wulf*, 26 F.3d at 1372-73. Magistrate Judge Majzoub concluded, and this Court concurs, that the "Northwest Plan contains language giving the administrator discretion to grant or deny benefits and under [current case law] the arbitrary and capricious standard is the proper standard of review." [R&R at p.6]. *See, e.g., Metro Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2347-48 (2008); *University Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 845 (6th Cir.

5

2000).

Nor does the Court find merit in Kondratowicz' argument that the Sixth Circuit in *Kramer* set forth a "heightened" standard of review. [Pl.'s Supp. Br., Doc. No. 44, p.2]. The Sixth Circuit, in *dicta*, did note that "merely because our review must be deferential does not mean that our review must also be inconsequential," and that federal courts do not review such decisions "for the purpose of rubber stamping" the plan administrator's decisions. *Kramer*, 571 F.3d at 508. However, this *dicta* does not announce a new standard by which to review a plan administrator's decision to deny benefits - indeed, *Kramer* held that the plan administrator's determination in that case *was arbitrary and capricious*. *Id*. Kondratowicz' arguments to the contrary are without merit.

II. Kondratowicz' Disability Status

Kondratowicz' second objection to Magistrate Judge Majzoub's R&R is in regards to the determination that Kondratowicz was not disabled as defined by the Plan as of her last day of work, July 25, 2003. [Pl.'s Br., Doc. No. 42, p.12]. Kondratowicz argues that Dr. Gratzer made his decision without examining her, instead making his determination solely in review of her medical records. Further, Kondratowicz argues that Dr. Gratzer failed to throughly evaluate her medical records due to: 1) his failure to note that Kondratowicz' treating physicians determined she could not lift the seventy-five pounds required under her job description; and 2) his failure to mention Kondratowicz' orthopaedic condition. *Id*. at p.16.

Kondratowicz further argues that Dr. Salama's determinations were contrary to those of Kondratowicz' treating physicians. *Id*. Further, Kondratowicz argues that Dr. Salama did not evaluate her as instructed and failed to answer interrogatories regarding whether Kondratowicz

6

was permanently and totally disabled. Nonetheless, the Plan Administrator still relied on Dr. Salama's findings to make a determination regarding Kondratowicz' disability. *Id*. at 20.

Kondratowicz argues that the Sixth Circuit allows district courts a great deal of discretion in evaluating a plan administrator's decision when conflicting evidence has been presented, such as when treating physicians reach different conclusions than to IME doctors. *Id*. at p.12, quoting *DeLisle v. Sunlife Assurance of Canada*, 558 F.3d 440 (6th Cir. 2009).

The Court disagrees, and finds Kondratowicz' arguments to the contrary to be without merit. As Magistrate Judge Majzoub held in her R&R, "courts routinely uphold an administrator's denial of benefits even if that determination differs from an opinion of a plaintiff's treating physician as long as the administrator's decision is rationally based on the evidence of record." [R&R, Doc. No. 41, p.8].

In *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 293 (6th Cir. 2005), the Sixth Circuit noted that plan administrators are not required to give deference to the diagnosis of a participant's treating physician. Thus, the fact that the Plan Administrator in the instant case did not give deference to Kondratowicz' treating physicians does not render the Plan Administrator's denial of benefits arbitrary or capricious. Again, the Plan required that a participant be *totally* and *permanently* disabled from *any* and *all* employment at Northwest. While Kondratowicz' physicians found that she could not life seventy-five pounds, they *did not* conclude that Kondratowicz could not perform *any* work at Northwest. Kondratowicz' arguments to the contrary are without merit.

    III. <u>Claim for Breach of Fiduciary Duty</u>

Kondratowicz' third and final objection to the R&R was that Magistrate Judge Majzoub

7

erred in holding that Kondratowicz could not bring a breach of fiduciary duty claim against the Plan Administrator under 29 U.S.C. § 1132(a)(3) because there was another available remedy under section 502 of ERISA. In rendering her holding, Magistrate Judge Majzoub relied upon the Sixth Circuit's holding in *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444 (6th Cir. 2003). Kondratowicz argues that *Marks* stands for the proposition that if plaintiffs are only barred from bringing a breach of fiduciary duty claim where they already have a remedy under another provision of ERISA. [Pl.'s Br., Doc. No. 42, p.17].

Kondratowicz misinterprets the Sixth Circuit's holding in *Marks*. *Marks* did not hold that a breach of fiduciary claim could be brought in all circumstances where a plaintiff *did not actually prevail* on an ERISA claim. This is exactly the circumstance in the instant case, where Kondratowicz had a cause of action under Section 502 of ERISA, but simply did not prevail on that claim. As the Sixth Circuit in *Marks* held:

> In *Wilkins* [*v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998)], we concluded that the plaintiff could not bring a cause of action for breach of fiduciary duty pursuant to § 502(a)(3) where § 501(a)(1)(B) provided a remedy for the alleged injury. Section 502(a)(1)(B) permitted Wilkins to bring a lawsuit to challenge the administrator's denial of benefits. In this case, Marks is permitted to file and has filed a suit pursuant to the same provision, challenging the Newcourt's administrative decision to deny him benefits. Therefore, because the district court is correct that "ERISA § 502(a)(1)(B) provides plaintiff a remedy for the alleged injury, the denial of benefits, and allows him to bring a lawsuit to challenge the denial of benefits. . . we affirm the dismissal of Marks' claim for breach of fiduciary duty.

*Marks*, 342 F.3d at 454. Therefore, Magistrate Judge Majzoub correctly concluded that, because a remedy was available for a justified claim, Kondratowicz was barred from asserting the same claim under 29 U.S.C. § 1132(a)(3).

## CONCLUSION & ORDER

8

Accordingly, the Court **ACCEPTS** and **ADOPTS** the May 26, 2009 Report and Recommendation [Doc. No. 41] of Magistrate Judge Mona K. Majzoub.

**IT IS SO ORDERED**.

Dated:  November 18, 2009             S/ Sean F. Cox
                                      Sean F. Cox
                                      United States District Court Judge

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 18, 2009.

                              s/Jennifer Hernandez
                              Case Manager to
                              District Judge Sean F. Cox